**Daniel STERLING, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, Respondent—Appellee.**

**No. 02–16129.**
**D.C. No. CV–01–03809–WHA.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided Feb. 26, 2003.

Before TROTT, RYMER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Daniel Sterling ("Sterling") appeals from the district court's denial of his habeas corpus petition. The district court held that (1) the California state court's use of pattern jury instruction CALJIC 2.50.02 did not violate Sterling's federal due process rights, and (2) the combined impact of CALJIC 2.50.02 and Cal. Evid.Code § 1109 did not violate the Ex Post Facto Clause. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

## I

Sterling first argues that CALJIC 2.50.02 allowed the jury to convict him based solely upon finding by a preponderance of the evidence that he had previously engaged in uncharged acts of domestic violence in New York. We find *no error* sufficient to grant habeas relief.[1]

A challenged jury instruction justifies habeas relief if the "instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (internal quotation marks omitted). "It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). A jury instruction violates due process if (1) there is " 'a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution," *id.* (quoting *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)); and (2) it "had a substantial and injurious effect or influence in determining the jury's verdict," *Calderon v. Coleman*, 525 U.S. 141, 146–47, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Even if we skip the "reasonable likelihood" analysis as Sterling suggests and assume that CALJIC 2.50.02 was unconstitutional, we hold that its use had no substantial or injurious effect. Under the "substantial and injurious effect" standard,

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Sterling's structural due process argument raised for the first time on appeal "is waived because it was not raised in his federal habeas petition." *Cooper v. Calderon*, 255 F.3d 1104, 1110 (9th Cir.2001); *see also Belgarde v. Montana*, 123 F.3d 1210, 1216 (9th Cir.1997).

"habeas petitioners ... are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710 (citation omitted).

Given the evidence introduced at trial and the instructions taken as a whole, Sterling has not demonstrated "actual prejudice" in the use of CALJIC 2.50.02. The state court had instructed the jury regarding the special verdict form that they needed to determine whether Sterling had acted willfully, deliberately, and with premeditation in the commission of the crimes, and that they had to make that determination beyond a reasonable doubt. The jury's finding that he did act willfully, deliberately, and with premeditation eliminates the possibility that they found Sterling guilty based on the New York incident or by a preponderance of the evidence. Thus, the use of CALJIC 2.50.02 did not violate Sterling's due process rights.

## II

Sterling next argues that the combination of CALJIC 2.50.02 and Cal. Evid.Code § 1109 violated the Ex Post Facto Clause. Sterling argues that a statute permitting the use of a form of evidence that was inadmissible at the time of the commission of the offense violates the Ex Post Facto Clause when it is combined with an instruction deeming that form of evidence as sufficient to support a conviction. This argument fails in his case. A law has an impermissible ex post facto effect if it alters the legal rules of evidence, and less or different testimony is needed to convict the offender than the law required at the time of the commission of the offense. *Carmell v. Texas,* 529 U.S. 513, 530, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000). As we

already concluded, considering the entire trial and the instructions as a whole, there is no possibility that the jury convicted Sterling based solely on evidence of the New York incident. Thus, CALJIC 2.50.02 did not alter the quantum of proof necessary to obtain Sterling's conviction, and the Ex Post Facto Clause was not violated.

AFFIRMED.